**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02392-WJM-MJW

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

AMEE LYN SECHRIST,

    Defendant and Third-Party Plaintiff,

v.

CITIMORTGAGE, INC., and all unknown persons who claim any interest in the subject of this action,

    Third-Party Defendants.

---

**ORDER GRANTING MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Defendant and Third-Party Plaintiff Amee Lyn Sechrist's ("Sechrist") Motion to Reconsider Order Regarding Attorney's Fees and/or in the Alternative Make Specific Findings as to Reasonableness of Removal (the "Motion for Reconsideration"). (ECF No. 46.) Third-Party Defendant CitiMortgage, Inc. ("CitiMortgage") has filed an Opposition to the Motion for Reconsideration (ECF No. 48), and Sechrist has filed a Reply (ECF No. 49). After carefully considering the arguments presented, the Court GRANTS the Motion for Reconsideration.

**I. BACKGROUND**

This action was originally filed in the District Court of Adams County, Colorado,

by Plaintiff Federal National Mortgage Association, bringing suit against Sechrist alleging the unlawful detainer by Sechrist of a property that had been foreclosed on in Aurora, Colorado. (ECF No. 3.) Sechrist then brought third-party claims against CitiMortgage based on, *inter alia*, CitiMortgage's alleged breach of a loan modification agreement. (ECF No. 4.)

On September 12, 2011, CitiMortgage removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.)

On October 12, 2011, Sechrist filed a Motion to Remand Pursuant to 28 U.S.C. § 1447(c). (ECF No. 22.) In the Motion to Remand, Sechrist argued that CitiMortgage had no basis to remove the action to federal court because, *inter alia*, as a Third-Party Defendant CitiMortgage did not have the power to remove the action under 28 U.S.C. § 1441, and CitiMortgage did not obtain the consent of all of its co-defendants (namely, Sechrist) prior to removal. (*Id.* at 5-8.) Sechrist's Motion to Remand included a request for attorney's fees and costs under 28 U.S.C. § 1447(c).

On October 31, 2011, CitiMortgage filed a Notice Conceding Sechrist's Motion to Remand Pursuant to 28 U.S.C. § 1447(c) and Opposing Request for Attorneys' Fees. (ECF No. 35.) In that filing, CitiMortgage stated that it

> removed this case on the basis of what is admittedly a minority line of authority with respect to a third-party defendant's right to remove, and the existence of which right is an issue the Tenth Circuit has yet to address. . . . Upon review of the law recited in defendant Sechrist's motion to remand regarding whether a third-party defendant can remove a case to federal court pursuant to 28 U.S.C. § 1447(c), and in an effort to avoid a time consuming and expensive dispute over the existence of subject matter jurisdiction, [CitiMortgage] now concedes the motion and consents to

>Sechrist's request that this Court remand the case to the District Court for Adams County.

*Id.* at 2.  However, CitiMortgage opposed the request for attorney's fees and costs, stating that it had a reasonable basis to remove the action based on the minority line of authority holding that third-party defendants can remove cases to federal court.

On November 28, 2011, this Court granted Sechrist's Motion to Remand, providing two bases for doing so:

>(a) Defendant Sechrist has not consented to or joined in the removal of this action to this Court, as required by 28 U.S.C. Sec. 1441(a), and thus Third-Party Defendant [CitiMortgage's] Petition for Removal is procedurally defective in at least this regard; and (b) this Court has previously held that third-party defendants are not defendants within the meaning of 28 U.S.C. § 1441(a), and thus may not file a petition for removal in this Court.  *NCO Financial Sys. v. Yari*, 422 F. Supp. 2d 1237 (D. Colo. 2006).

(ECF No. 42.)  The Court, however, denied Sechrist's request for attorney's fees and costs without explanation.  (ECF No. 44.)

On December 7, 2011, Sechrist filed the now-pending Motion for Reconsideration, arguing that she is entitled to attorney's fees and costs incurred in filing the Motion to Remand.  (ECF No. 46.)  Specifically, Sechrist argues that CitiMortgage lacked an objectively reasonable basis to remove this action because, *inter alia*, the overwhelming weight of case law authority holds that third-party defendants may not remove actions to federal court.  (*Id.*)  In its Opposition, CitiMortgage argues that it had an objectively reasonable basis to remove the action because, *inter alia*, a minority of cases holds that a third-party defendant can remove an

action to federal court, and there is no Tenth Circuit guidance on the issue. (ECF No. 48.)

Sechrist's Motion for Reconsideration is now ripe for adjudication.

## II.  LEGAL STANDARD

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.* (citation omitted).

## III.  ANALYSIS

After carefully considering the arguments of the parties, the Court concludes that it is appropriate to reconsider its decision that Sechrist is not entitled to recover the attorney's fees and costs incurred in filing her Motion to Remand, to prevent manifest injustice.

CitiMortgage does not dispute that this action was properly remanded to state court, but simply disputes whether attorney's fees and costs should be awarded.  28 U.S.C. § 1447(c) provides that "[a]n order [by a federal district court] remanding [a] case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As the Supreme Court has

explained, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The question turns to whether CitiMortgage had an objectively reasonable basis to remove this action to this Court. 28 U.S.C. § 1441(a) provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Although this statutory language itself is ambiguous regarding whether a third-party defendant may remove an action (*i.e.*, whether a third-party defendant qualifies as a "defendant" under the statute), the overwhelming weight of authority not only in this District, but in the entire Circuit, is that a third-party defendant may not remove an action to federal court. In fact, upon a closer examination of the relevant case law, the Court has not found (and CitiMortgage has not cited) a single case from within this Circuit that has allowed a third-party defendant to remove a case from state court. And the Court has found a plethora of contrary authority. *See Wild Horse Receivables, LLC v. Marosi*, No. 10-cv-01454, 2010 WL 4595674, at *1-*2 (D. Colo. Nov. 5, 2010); *NCO Fin. Sys., Inc. v. Yari*, 422 F. Supp. 2d 1237, 1239-40 (D. Colo. 2006); *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1051 (D.N.M. 2011); *Bank*

*of America v. Byrom*, No. 2:10-CV-1017, 2010 WL 5170530, at *1 (D. Utah Dec. 14, 2010); *Oklahoma v. 1983 Porsche*, No. 08-cv-0528, 2008 WL 4570315, at *4 (N.D. Okla. Oct. 10, 2008); *Stillwater Nat'l Bank & Trust Co. v. Perryman Family Revocable Trust*, No. 06-cv-0584, 2006 WL 3716894, at *3-*4 (N.D. Okla. Dec. 14, 2006); *Menninger Clinic Inc. v. Schilly*, No. 92-4104, 1992 WL 373927, at *1-2 (D. Kan. Nov. 23, 1992); *Radio Shack Franchise Dep't v. Williams*, 804 F. Supp. 151, 152-53 (D. Kan. 1992); *Elkhart Co-op Equity Exch. v. Day*, 716 F. Supp. 1384, 1387 (D. Kan. 1989).

Further, even outside this Circuit, it appears that the vast majority of courts do not allow removal by a third-party defendant. Prominent commentators on federal civil procedure also agree. *See* 14C Charles Alan Wright et al., Federal Practice & Procedure § 3730 (4th ed.); 16 Moore's Federal Practice – Civil § 107.11[1][b][iv] (3d ed.). Given this overwhelming weight of authority, including uniform treatment within this Circuit, CitiMortgage's argument that it had an objectively reasonable basis to remove this action (based only on a small number of out-of-Circuit cases) lacks merit.

CitiMortgage argues that the Tenth Circuit has not resolved the issue of whether a third-party defendant may remove an action to federal court, and thus there is no controlling authority on point. However, the Tenth Circuit likely has not resolved this issue because remand orders are generally not appealable to the Tenth Circuit, so the Tenth Circuit likely has not, and will not, be presented with the issue. *See* 28 U.S.C. § 1447(d). Under these circumstances, CitiMortgage cannot hide behind the lack of on-point Tenth Circuit case law, given the uniform (and substantial) treatment of the issue

by district courts in this Circuit.  Also, the Tenth Circuit *has* clearly held that there is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and that removal statutes are to be narrowly construed, *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).  Given *this* binding Tenth Circuit authority, along with the substantial and uniform treatment of the issue by district courts within this Circuit, CitiMortgage did not have an objectively reasonable basis to remove this action.

When the Court originally denied Sechrist's request for attorney's fees and costs, the Court misapprehended how substantial and uniform the case law is in this Circuit that third-party defendants may not remove actions to federal court under 28 U.S.C. § 1441.  *See Servants of Paraclete*, 204 F.3d at 1012.  Despite the overwhelming weight of authority that should have informed CitiMortgage not to attempt to remove this action, it did so anyway.[1]  Thus, failure to award Sechrist attorney's fees and costs in bringing the Motion to Remand would result in a "manifest injustice."  *Id.*  Thus, the Court finds it appropriate to grant Sechrist's Motion for Reconsideration and award Sechrist the reasonable amount of attorney's fees and costs incurred in filing the Motion to Remand.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS as follows:

---

[1] CitiMortgage also argues that Sechrist failed to meaningfully confer prior to filing her Motion to Remand, and that if she had provided CitiMortgage the authorities above, CitiMortgage would have consented to remand without Sechrist having to file the Motion to Remand.  However, the burden was not on Sechrist post-removal to show CitiMortgage why removal was improper.  The burden was on CitiMortgage to have a reasonable basis for removal in the first instance, which it did not have.

(1) Defendant and Third-Party Plaintiff Amee Lyn Sechrist's Motion to Reconsider Order Regarding Attorney's Fees and/or in the Alternative Make Specific Findings as to Reasonableness of Removal (ECF No. 46) is GRANTED;

(2) Sechrist is entitled to an award of the reasonable amount of attorney's fees and costs incurred in preparing and filing her Motion to Remand, filed at ECF No. 22. Sechrist is <u>not</u> entitled to recover any attorney's fees and costs incurred in preparing and filing her Motion for Reconsideration (ECF No. 46) or her Reply on the Motion for Reconsideration (ECF No. 49).

(3) On or before September 10, 2012, Sechrist's counsel shall file a very short Request for the reasonable amount of attorney's fees and costs incurred in preparing and filing the Motion to Remand (ECF No. 22), along with a more detailed affidavit establishing the basis for the amount of the Request. CitiMortgage may file a Response to the Request on or before September 17, 2012. No Reply will be permitted.

Dated this 30th day of August, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge