IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02392-WJM-MJW

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

AMEE LYN SECHRIST,

    Defendant and Third-Party Plaintiff,

v.

CITIMORTGAGE, INC., and all unknown persons who claim any interest in the subject of this action,

    Third-Party Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
AMEE SECHRIST'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

---

This matter is before the Court on Amee Sechrist's Request for Attorney's Fees and Costs ("Request") (ECF No. 51), to which Third Party Defendant CitiMortgage, Inc. has filed a Response (ECF No. 52).  For the following reasons, the Request is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

On September 12, 2011, CitiMortgage removed this action to this Court, from the District Court of Adams County, Colorado.  (ECF No. 1.)  On October 12, 2011, Sechrist filed a Motion to Remand Pursuant to 28 U.S.C. § 1447(c), and also sought an award of

attorney's fees and costs.  (ECF No. 22.)  On October 31, 2011, CitiMortgage filed a Notice Conceding Sechrist's Motion to Remand, but opposed the request for fees and costs.  (ECF No. 35.)  Prior to the filing of this Notice conceding remand, substantial briefing had already taken place on Federal National Mortgage Association's ("FNMA") Motion to Dismiss and CitiMortgage's Motion to Dismiss.

On November 28, 2011, this Court granted Sechrist's Motion to Remand (ECF No. 42), but denied Sechrist's request for attorney's fees and costs (ECF No. 44).

On December 7, 2011, Sechrist filed a Motion for Reconsideration of the decision to deny attorney's fees and costs.  (ECF No. 46.)  On August 30, 2012, the Court granted the Motion for Reconsideration, holding that CitiMortgage did not have an objectively reasonable basis to remove this action to this Court, and that an award of attorney's fees and costs was therefore warranted.  (ECF No. 50.)  The Court specifically ordered that

> Sechrist is entitled to an award of the reasonable amount of attorney's fees and costs incurred in preparing and filing her Motion to Remand, filed at ECF No. 22.  Sechrist is not entitled to recover any attorney's fees and costs incurred in preparing and filing her Motion for Reconsideration (ECF No. 46) or her Reply on the Motion for Reconsideration (ECF No. 49).

(*Id.* at 8.)  The Court ordered the parties to brief the issue of the appropriate amount of attorney's fees and costs to award.  (ECF No. 50.)  The parties have now filed their briefs on that issue.  (ECF No. 51, 52.)

## II.  ANALYSIS

28 U.S.C. 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  District courts have discretion to grant a fee award, particularly where the removing party lacked an objectively reasonable basis for removing the case.  *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," commonly referred to as the "lodestar."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Sechrist seeks an award of $15,809.70 in attorney's fees and costs, and in support thereof attaches to her Request the September 2011 through December 2011 billing statements ("billing statements") of Moritz Law, LLC, the law firm representing Sechrist.  CitiMortgage's Response argues that the appropriate amount of attorney's fees and costs is $738.50, but in any event should not exceed $3,865.00, arguing that numerous entries in the billing statements should be rejected.  The Court herein addresses and resolves the various issues raised by the parties regarding the proper award of attorney's fees and costs.

**A.     Fees and Costs "Incurred as a Result of the Removal"**

CitiMortgage argues that, pursuant to this Court's August 30, 2012 Order, Sechrist may only seek fees and costs incurred in filing the Motion to Remand itself.

The Court understands how CitiMortgage may have interpreted the Court's Order in that way, but the Court included that language in its Order merely to clarify that Sechrist may not seek an award of fees and costs incurred in briefing her Motion for Reconsideration. Other than the briefing on the Motion for Reconsideration, the Court has evaluated the record and will reimburse Sechrist for fees and costs "incurred as a result of the removal." 28 U.S.C. 1447(c).

**B.      Fees and Costs Incurred in Responding to Motions to Dismiss**

The billing statements submitted by Sechrist indicate that Sechrist is seeking reimbursement for fees and costs incurred in responding to FNMA's and CitiMortgage's Motions to Dismiss. The Court notes that FNMA's Motion to Dismiss was filed in state court prior to removal. The Court also finds that CitiMortgage would have filed its Motion to Dismiss in state court, had it not removed the case. Therefore, the fees and costs incurred by Sechrist in responding to the Motions to Dismiss were generally not "incurred as a result of the removal," and therefore will not be awarded. The only exception to this is that the Court will lend credence to Sechrist's claim that her attorneys needed to spend minimal amounts of time familiarizing themselves with federal pleading standards.

**C.      Motion for Extension of Time to Respond to FNMA's Motion to Dismiss**

Sechrist also argues that she is entitled to an award of fees and costs incurred in filing her Motion for Extension of Time to respond to FNMA's Motion to Dismiss. The Court has determined that the removal to federal court was only one basis for which

Sechrist sought the extension of time.  Therefore, the Court assumes that Sechrist would have sought an extension even if the case had not been removed, and thus does not award fees and costs incurred in seeking the extension of time.

**D.     Block Billing**

CitiMortgage argues that any block billing on the billing statements – *e.g.*, billing entries including both activities related to remand and activities related to the motions to dismiss – should be rejected in their entirety.  The Court disagrees.  *See BP Pipelines (N. Am.) Inc. v. C.D. Brown Constr., Inc.*, 473 F. App'x 818, 835 (10th Cir. 2012) ("This Court has addressed block billing and recognizes its shortcomings. . . . Nevertheless, we have never mandated a reduction or a denial of a fee request based on block billing.  The decision whether block billing indicates an unreasonable claim should remain with the district court who should be allowed to exercise its discretion accordingly.") (citations and internal quotations omitted).

The Court has reviewed the billing statements and made appropriate estimations for deductions to such co-mingled billing entries.  The Court has taken into account the fact that the work performed in opposing the Motions to Dismiss was undisputably more substantial than the work in seeking remand of the case.  The Court has also made such deductions based on the non-itemized costs incurred by Sechrist's attorneys between September 2011 and December 2011.

**E.     Hourly Rates**

Sechrist's Request seeks an award of attorney's fees based on an hourly billing

rate for attorney Joel Moritz of $275 per hour, and a rate for attorney Rolf von Merveldt of $180 per hour.  The Court finds these hourly billing rates to be reasonable for this jurisdiction.

### III.  CONCLUSION

After making the aforementioned deductions from the billing statements, the Court finds it appropriate to award Sechrist $2,337.50 based on the work of attorney Joel Moritz (8.5 hours at $275 per hour), and $4,212.00 based on the work of attorney Rolf von Merveldt (23.4 hours at $180 per hour).  The Court also finds it appropriate to award Sechrist $27.29 in costs.

In accordance with the foregoing, the Court hereby AWARDS Defendant and Third-Party Plaintiff Amee Lyn Sechrist $6,576.79 in attorney's fees and costs incurred as a result of Third-Party Defendant CitiMortgage's improper removal.  CitiMortgage shall pay this amount of fees and costs to Sechrist on or before October 31, 2012.

SO ORDERED.

Dated this 2nd day of October, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge